LAURA E. DUFFY
United States Attorney
SCOTT LESOWITZ
LARA A. STINGLEY
Assistant U.S. Attorney
California State Bar No. 261759/275534
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7480/6244; Facsimile: (619) 235-2757
Email: Scott.Lesowitz@usdoj.gov/ Lara.Stingley@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. 08CR3421-BEN |
|---|---|
| Plaintiff, | ) Date: August 22, 2011 <br> ) Time: 2:00 p.m. |
| v. | ) UNITED STATES' SUPPLEMENTAL <br> ) RESPONSE TO THE COURT'S |
| | ) INQUIRIES REGARDING THE |
| GERARDO SANDOVAL-GONZALEZ, | ) ADMISSION OF MR. SANDOVAL- <br> ) GONZALEZ'S AND MR. ALAPIZCO |
| Defendant. | ) SANDOVALS'S BIRTH CERTIFICATES |
| | ) TOGETHER WITH STATEMENT OF FACTS <br> ) AND MEMORANDUM OF POINTS AND <br> ) AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Scott M. Lesowitz and Lara A. Stingley, Assistant United States Attorneys, and hereby files its Supplemental Response to the Court's Inquiries Regarding the Admission of Mr. Sandoval-Gonzalez's and Mr. Alapizco Sandoval's Birth Certificates in the above-referenced case. Said motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

1 | The United States hereby incorporates by reference its
2 | Statement of the Case and Statement of Facts from it's Motions *in*
3 | *limine* that was previously filed with the Court.

**I**

**GOVERNMENT'S RESPONSE TO COURT'S INQUIRIES**

On August 1, 2011, the Court held a motion hearing in this matter and requested the parties to submit additional briefing regarding whether Mr. Sandoval-Gonzalez's ("Defendant") and Mr. Alapizco Sandoval's, Defendant's father, birth certificates should be admitted into evidence at trial.

**A.  ADMISSION OF DEFENDANT'S MEXICAN BIRTH CERTIFICATE**

First, the Court inquired as to whether defendant's Mexican birth certificate is admissible and relevant as to the birth place of defendant's father. Is the defendant's birth certificate material and relevant to establish that defendant's father was born in Los Angeles, California.

This Court should exclude Defendant's birth certificate under Federal Rule of Evidence ("Fed. R. Evid.") 403. This evidentiary rule provides "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Here, Defendant may offer to admit his Mexican birth certificate at trial in an attempt to demonstrative that he has a valid derivative citizenship claim. Defendant's Mexican birth certificate includes one line that states that Defendant's father

originated in Los Angeles, California. As discussed below, the United States has obtained the A-File belonging to Mr. Jose Alapizco Sandoval's, Defendant's father, which contains Mr. Alapizco Sandoval's Mexican birth certificate, which states that Mr. Alapizco Sandoval was born in Mexico , not Los Angeles, California. See Ex. 1 (Mexican Birth Certificate belonging to Defendant's Father) and Ex. 2 (Summary Translation of Pertinent Portions of Defendant's Father's Mexican Birth Certificate from his A-File). As such, clearly Defendant's father's Mexican birth certificate negates and invalidates the information included on Defendant's Mexican birth certificate stating that Defendant's father was born in Los Angeles, California. Therefore, to allow admission of Defendant's Mexican birth certificate, which contains false information as to his father's birth place would be intentionally providing false and misleading information to the jury, which not only broaches ethical concerns but is also unduly prejudicial under Fed. R. Evid. 403. The Defendant, therefore, should not be permitted to introduce Defendant's birth certificate as evidence that Defendant's father was born in the United States and, thereby, claiming that Defendant might be a derivative United States citizen.

**B.      ADMISSION OF MEXICAN BIRTH CERTIFICATE OF DEFENDANT'S FATHER**

As previously noted, the United States has obtained a copy of the A-File of Defendant's father, Jose Alapizco Sandoval, or Jose Sandoval Alapizco, with an A-File Number of 11 438 965. The order of "Sandoval" and "Alapizco" are switched on many of the A-File documents.

In determining to whom A-File Number 11 438 965 was assigned, the United States directs the Court to Page 9 of Defendant's Pre-Sentence Report under criminal case number 08CR3421-BEN. On Page 9, Defendant's father's name is listed as "Jose Sandoval-Alipisco." Second, Defendant's Mexican birth certificate lists Defendant's father's name as "Jose Sandoval A." See Ex. 3 (Defendant's Mexican Birth Certificate.) Defendant's birth certificate further states that Defendant's paternal grandparents were named Sotero Sandoval and Jesus A. De Sandoval. Id.

         The A-File of Defendant's father, Alapizco Sandoval, contains a Mexican birth certificate of Defendant's father. Ex. 1. On that birth certificate, Defendant's father's parents are listed as Sotero Sandoval and Jesus A. De Sandoval. Id. Furthermore, included in Alapizco Sandoval's A-File is Alapizco Sandoval's application for naturalization. Ex. 4 (Alapizco Sandoval's Application to File Petition for Naturalization.) On the application, Alapizco Sandoval lists one of his children as "Gerardo." Id. at 3.

         In determining whether Alapizco Sandoval was born in Mexico, the United States again directs the Court to Alapizco Sandoval's A-File, which contains the following documents: 1) Alapizco Sandoval's Mexican birth certificate stating that he was born in Sinaloa, Mexico in 1930 (Ex. 1); 2) Alapizco Sandoval's Petition for Naturalization, in which he stated that he was born in Sinaloa, Mexico in 1930 (Ex. 5); 3) Alapizco Sandoval's application for lawful permanent residency, dated in 1966, in which Alapizco Sandoval stated that his nationality was Mexican, and in which it also appears that he wrote that he was born in Mexico (Ex. 6); 4) documentation demonstrating that in 1958,

Alapizco Sandoval was deported from the United States (See <u>Ex.</u> 7 - Decision of Special Inquiry Officer Ordering Alapizco Sandoval removed from the United States in 1958 and See <u>Ex.</u> 8 - Warrant of Removal indicating that Alapizco Sandoval was physically removed from the United States on May 2, 1958); and 5) Alapizco Sandoval's Certificate of Naturalization declaring him a United States citizen in 1988 (when Defendant would have been over 30 years old) <u>Ex.</u> 9. All of the aforementioned exhibits are true and accurate copies from Alapizco Sandoval's A-File. See <u>Ex.</u> 10 (Declaration of U.S. Border Patrol Agent James Trombley.)

The United States has also obtained an official, apostilled copy of Alapizco Sandoval's Mexican birth certificate from the Mexican authorities. The United States will provide a copy and full translation of Alapizco Sandoval's Mexican birth certificate to the Court at the time of the hearing.

In contrast, the only evidence that Alapizco Sandoval was born in the United States is that Defendant's Mexican birth certificate states that Defendant's father was born in the United States. <u>Ex.</u> 3. However, it appears from the plain language of the birth certificate that Defendant's father was not even present when Defendant's birth was registered. <u>Id.</u> Defendant's mother registered Defendant's birth (although Defendant's paternal grandfather was one of the witnesses). <u>Id.</u>

Thus, it is clear that Defendant's father, Alapizco Sandoval, was born in Mexico. He was not a United States citizen until Defendant was roughly 30 years old. Therefore, the Court should not permit Defendant to introduce Defendant's birth certificate or permit

Defendant to use Defendant's birth certificate as evidence that Defendant's father was born in the United States. Allowing such evidence confuses the issues, would mislead the jury, and would be a waste of time. Furthermore, when conducting any prejudice analysis, the probative value of Defendant's birth certificate for any of Defendant's possible purposes is completely negligible.

The United States' request is firmly supported in the recent Ninth Circuit opinion of United States v. Espinoza-Baza, --- F.3d ----, 2011 WL 3332518 (9th Cir. August 4, 2011). In Espinoza-Baza, the defendant claimed that the district court improperly rejected evidence of derivative citizenship -- specifically, testimony that his grandfather was a United States citizen -- and erred by refusing a jury instruction on a derivative citizenship defense. The Ninth Circuit found that the testimony about the grandfather was legally relevant, though quite attenuated because he had to show that a parent was a citizen or had resided in the United States for the relevant time period. Under Fed. R. Evid. 403, however, the district court was permitted to find that due to the marginal value of the proposed evidence, and without other facts to support derivative citizenship, was outweighed by the potential for jury confusion. The district court also acted properly in its discretion by rejecting the defendant's proposed jury instruction because the defendant had at best a "scintilla of evidence" to support his theory.

Thus, we ask the Court to exclude Defendant's birth certificate under Fed. R. Evid. 403. As Defendant will then have no evidence to support derivative citizenship, he is not entitled to a jury instruction regarding derivative citizenship.

# V
## **CONCLUSION**

For the reasons set forth above, the United States respectfully requests that the Court grant its motions in limine.

DATED: August 16, 2011

Respectfully submitted,

Laura E. Duffy
United States Attorney

s/ *Scott M. Lesowitz*
SCOTT M. LESOWITZ


s/ *Lara A. Stingley*
LARA A. STINGLEY
Assistant U.S. Attorney

```
                    UNITED STATES DISTRICT COURT

                   SOUTHERN DISTRICT OF CALIFORNIA


UNITED STATES OF AMERICA,        )       Case No. 08CR3421-BEN
                                 )
              Plaintiff,         )
                                 )
     v.                          )
                                 )       CERTIFICATE OF SERVICE
GERARDO SANDOVAL-GONZALEZ,       )
                                 )
              Defendant.         )
                                 )
```

IT IS HEREBY CERTIFIED THAT:

     I, LARA A. STINGLEY, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

     I am not a party to the above-entitled action. I have caused service of the UNITED STATES' SUPPLEMENTAL BRIEFING on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

     James M. Chavez, Esq.
     Federal Defenders of San Diego, Inc.
     Counsel for Defendant Gerardo Sandoval-Gonzalez

     I declare under penalty of perjury that the foregoing is true and correct.

     EXECUTED on August 16, 2011.

                                              s/ *Lara A. Stingley*
                                              LARA   A.   STINGLEY